USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/18/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

KYLE EMORDI,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE/
MONEY JUDGMENT

23 Cr. 265 (RMB)

       WHEREAS, on or about May 31, 2023, KYLE EMORDI (the "Defendant"), among others, was charged in a two-count Sealed Indictment, 23 Cr. 265 (RMB) (the "Indictment"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); and conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Two);

       WHEREAS, the Indictment included a forfeiture allegation as to Count Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count Two of the Indictment, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Two of the Indictment;

       WHEREAS, on or about August 5, 2024, the Defendant pled guilty to Count Two of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count Two of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), representing any and all property, real and personal, involved in the offense charged in Count Two of the Indictment to which the Defendant has pled guilty or any property traceable to such property, including a sum

of money representing the amount of property involved in the offense charged in Count Two of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $529,000 in United States currency representing the amount of property involved in the offense charged in Count Two of the Indictment, for which the Defendant is solely liable for $329,000 in United States currency and the Defendant is jointly and severally liable with: (i) Salif Ndama-Traore ("Ndama-Traore") and the forfeiture money judgment entered against Ndama-Traore in this case for the offenses charged in Count Two of the Indictment, up to the amount of $200,000 in United States currency; (ii) Keith Emordi in the amount of $150,000 in United States currency to the extent a forfeiture money judgment is entered against Keith Emordi in this case for the offenses charged in Count Two of the Indictment; and (iii) Ibrahim Bocoum ("Bocoum") $200,000 in United States currency to the extent a forfeiture money judgment is entered against Bocoum in this case for the charges in Count Two of the Indictment; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the property involved in the offense charged in Count Two of the Indictment cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Jane Chong, of counsel, and the Defendant and his counsel, John M. Burke, Esq., that:

1. As a result of the offense charged in Count Two of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $529,000 in United States currency representing the amount of property involved in the offense charged in Count Two of the Indictment, for which the Defendant is solely liable for $329,000 in United States currency and

the Defendant is jointly and severally liable with: (i) Ndama-Traore and the forfeiture money judgment entered against Ndame-Traore in this case for the offenses charged in Count Two of the Indictment, up to the amount of $200,000 in United States currency; (ii) Keith Emordi in the amount of $150,000 in United States currency to the extent a forfeiture money judgment is entered against Keith Emordi in this case for the offenses charged in Count Two of the Indictment; and (iii) Bocoum in the amount of $200,000 in United States currency to the extent a forfeiture money judgment is entered against the Bocoum in this case for the charges in Count Two of the Indictment, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant KYLE EMORDI, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.  The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

8.  The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____    12/18/24
JANE CHONG                              DATE
Assistant United States Attorney
26 Federal Plaza
New York, NY 10278
(212) 637-2263


KYLE EMORDI

By: _____    12/18/2
KYLE EMORDI                             DATE

By: _____    _12/18/24_
     JOHN M. BURKE, ESQ.    DATE
     Attorney for Defendant
     26 Court Street, Suite 1016
     Brooklyn, NY 11242

SO ORDERED:

_____    _12/18/24_
HONORABLE RICHARD M. BERMAN    DATE
UNITED STATES DISTRICT JUDGE